35 F.3d 557
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Alfred CHOYCE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ardelia Sanders POLLARD, Defendant-Appellant.
 Nos. 92-5827, 92-5854.
 United States Court of Appeals, Fourth Circuit.
 Submitted October 1, 1993.
Decided September 7, 1994.
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Sr., District Judge. (CR-92-51-D).
 Selma E. Lederman, Raleigh, NC; Thomas F. Loflin, III, Durham, NC, for Appellants.
 Benjamin H. White, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, NC, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER and LUTTIG, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 In these consolidated appeals, Johnny Alfred Choyce and Ardelia Sanders Pollard appeal from their jury convictions of conspiracy to possess with intent to distribute and to distribute heroin in violation of 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1993) and 21 U.S.C. Sec. 846 (1988). Choyce was sentenced to eighty-nine months imprisonment, five years of supervised release, and a $5000 fine; Pollard was sentenced to seventy months in prison, four years of supervised release, and a $3500 fine. We affirm their convictions and sentences for the reasons discussed below.[1]
 
 
 2
 Appellants assert that the trial court erred in denying their motions for acquittal under Fed.R.Crim.P. 29 because the evidence was insufficient to support their convictions. We disagree. The standard of review applicable to Rule 29 motions is "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir.1982).
 
 
 3
 In order to support a conspiracy conviction, the government must show that a conspiracy existed, that the defendant had knowledge of the conspiracy, and that the defendant voluntarily became part of the conspiracy. United States v. Badolato, 701 F.2d 915, 920 (11th Cir.1983). The totality of the circumstances shown by the government may suffice to permit the jury to infer the agreement necessary for a conspiracy conviction. United States v. Crockett, 813 F.2d 1310, 1316 (4th Cir.), cert. denied, 484 U.S. 834 (1987). Once the existence of a conspiracy is established, evidence establishing beyond a reasonable doubt the connection of the defendant with the conspiracy, even though the connection is slight, is sufficient to convict him with knowing participation in the conspiracy. United States v. Laughman, 618 F.2d 1067, 1076 (4th Cir.), cert. denied, 447 U.S. 925 (1980).
 
 
 4
 Trial testimony established that Choyce and Pollard purchased various multiple ounce quantities of heroin from Nnamdi Tony Emodi ("Emodi"), who pled guilty to federal charges of conspiracy, heroin trafficking, and money laundering. He expected a reduction in his sentence for his testimony against Choyce and Pollard. Further evidence disclosed that Choyce put Emodi in touch with Pollard; that Choyce had purchased heroin for Pollard from Emodi; that the parties discussed the transactions among themselves; and that both Choyce and Pollard continued to purchase heroin from Emodi. Since this evidence, when construed in the light most favorable to the government, supports the jury's finding of guilt beyond a reasonable doubt, the trial court did not err in denying Appellants' motions for acquittal and in submitting the case to the jury.
 
 
 5
 Appellants next assert that the prosecutor improperly commented on their failure to testify at trial in his closing argument in violation of their Fifth Amendment privilege against self-incrimination. They continue that the trial court erred when it denied their motions for a mistrial and for a new trial under Fed.R.Crim.P. 33.
 
 
 6
 When a defendant chooses not to testify, the Fifth Amendment prohibits the prosecutor from making any direct adverse comment on the defendant's refusal to take the stand. Griffin v. California, 380 U.S. 609, 615 (1965). The test for determining whether an indirect remark constitutes improper comment on a defendant's failure to testify is whether the language used was "manifestly intended to be" or was "of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." United States v. Whitehead, 618 F.2d 523, 527 (4th Cir.1980), rev'd on other grounds, 452 U.S. 576 (1981). Prosecutorial comment upon a defendant's failure to testify, however, is not per se error requiring automatic reversal. Chapman v. California, 386 U.S. 18, 23 (1967). The convictions should be affirmed if this Court concludes, on the whole record, that the error was harmless beyond a reasonable doubt. United States v. Hasting, 461 U.S. 499, 509 (1983).
 
 
 7
 We find that, when read in context, the prosecutor's comments were neither direct nor indirect adverse commentary on the Defendants' decision not to testify at trial. In the first statement Choyce and Pollard cite from the prosecutor's closing, the prosecutor correctly stated the law that the Defendants' failure to testify could not be used against them.[2] He continued that the jury should believe Emodi because he was the only testifying witness who was present during certain events of the conspiracy. The prosecutor did not invite the jury to conclude guilt from the failure of Choyce or Pollard to testify. Similarly, the prosecutor's comments in rebuttal did not encourage the jury to conclude guilt from the Defendants' failure to take the stand, but instead again bolstered the credibility of Emodi as a witness.[3] Therefore, the court did not err in denying Appellants' motions for a mistrial and for a new trial under Fed.R.Crim.P. 33.
 
 
 8
 Choyce and Pollard next allege that the trial court committed plain error when it did not take "corrective action" when the prosecutor in his closing remarks allegedly:
 
 
 9
 (1) Argued facts not in evidence;
 
 
 10
 (2) Deliberately misstated evidence;
 
 
 11
 (3) Argued that the Defendants were not entitled to a presumption of innocence;
 
 
 12
 (4) Vouched for the reliability of Emodi as a witness.
 
 
 13
 Appellants acknowledge that they did not raise these objections at trial. Because they did not object, this Court may review only for plain error under Fed.R.Crim.P. 52(b). Before this Court can correct "plain error," the Defendant must establish:
 
 
 14
 (1) Error;
 
 
 15
 (2) which is plain;
 
 
 16
 (3) which affects substantial rights; and
 
 
 17
 (4) which "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."
 
 
 18
 United States v. Olano, 61 U.S.L.W. 4421, 4423-24 (U.S.1993).
 
 
 19
 Even if a prosecutor's remarks are undesirable, the test is whether the comments so infected the trial with unfairness that the resulting conviction is a denial of due process. Darden v. Wainwright, 477 U.S. 168, 180-81 (1986). Four factors are central to determining whether improper prosecutorial comment was so damaging to the defendant's trial as to require reversal:
 
 
 20
 (1) The degree to which the remarks misled the jury and prejudiced the defendant;
 
 
 21
 (2) Whether the remarks were isolated or extensive;
 
 
 22
 (3) Whether absent the remarks, competent proof established guilt; and
 
 
 23
 (4) Whether the comments were deliberately placed before the jury to divert attention to extraneous matters.
 
 
 24
 United States v. Harrison, 716 F.2d 1050, 1052 (4th Cir.1983), cert. denied, 466 U.S. 972 (1984). After considering the prosecutor's closing remarks in context, we find that they were neither improper under Harrison nor plain error under Olano. Therefore, we find that the trial court did not err in failing to intervene during the argument absent any objection from the defense.
 
 
 25
 Appellant Choyce asserts that his sentence is not based on a preponderance of the evidence and should be reversed because it is clearly erroneous. First, he alleges that the court improperly held him responsible for the maximum quantity of heroin that Emodi testified he sold to Choyce. As Choyce notes, Emodi testified at trial that he sold Choyce a total of about fourteen and a half ounces of heroin in the course of fifteen transactions. An FBI agent, however, testified that Emodi sold Choyce five to ten ounces of heroin on six to eight occasions. The parties discussed the conflicting testimony at Choyce's sentencing hearing, and the court determined that a preponderance of the evidence weighed in favor of Emodi's testimony.
 
 
 26
 When a defendant and the government differ over the amount of drug involved, the district court should determine the correct quantity after specific fact finding. United States v. Goff, 907 F.2d 1441, 1445 (4th Cir.1990). The government need only prove quantity by a preponderance of the evidence. United States v. Powell, 886 F.2d 81, 85 (4th Cir.1989), cert. denied, 493 U.S. 1084 (1990). This Court will overturn such a determination only if it is clearly erroneous. United States v. Vinson, 886 F.2d 740, 742 (4th Cir.1989), cert. denied, 493 U.S. 1062 (1990). Since evidence presented at trial supports the court's determination of the amount of heroin Choyce purchased from Emodi, the court's finding of that quantity is not clearly erroneous.
 
 
 27
 Next, Choyce alleges that the court erred in holding him accountable for quantities of heroin that Emodi sold to Pollard. A convicted conspirator is to be sentenced only on the basis of his and/or his coconspirator's conduct if such conduct was committed in furtherance of the conspiracy and was known, or was reasonably foreseeable, to the defendant. Vinson, 886 F.2d at 742-43. Amounts distributed by coconspirators are attributable to the defendant if the conduct was within the defendant's agreement or foreseeable by him. United States v. Campbell, 935 F.2d 39, 45-46 (4th Cir.), cert. denied, 60 U.S.L.W. 3309 (U.S.1991); see United States Sentencing Commission, Guidelines Manual Sec. 1B1.3, comment. (n.1) (Nov.1992).
 
 
 28
 After discussion of this issue at Choyce's sentencing hearing, the court found that Choyce introduced Emodi to Pollard for the purpose of heroin trafficking and that the transactions that occurred between them were foreseeable by Choyce. Though Choyce asserts that Pollard and Emodi had legitimate business ties and mutual acquaintances and friends, a preponderance of the evidence supports the district court's determination that Choyce was accountable for the quantity of heroin Emodi distributed to Pollard. Therefore, the court's determination of quantity of heroin attributable to Choyce was not clearly erroneous.
 
 
 29
 Finally, Choyce asserts in conclusory fashion that the court erred when it sentenced him on the basis of Emodi's testimony because his testimony was "inconsistent" and "clearly erroneous." This Court does not weigh evidence or review credibility of witnesses in resolving issues of substantial evidence. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). For the above reasons, we affirm the Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.[4]
 
 AFFIRMED
 
 
 [1]
 We also deny the Appellants' Motion for New Trial
 
 
 [2]
 The trial court also instructed the jury to the same effect
 
 
 [3]
 Even if the comments could be interpreted as adverse commentary on the Defendants' failure to testify, we find the comments harmless error since the Defendants declined a curative instruction at the time the comments were made and since the court properly instructed the jury as to the privilege against self-incrimination at the end of trial. See Hasting, 461 U.S. at 509
 
 
 [4]
 We construe the August 2 letter from Appellant Choyce's attorney as a motion to expedite consideration of Choyce's appeal. Since the motion is now moot, it is dismissed